UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AMADOR IRIZARRY-SANABRIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 12-1855 (JAF)

(Crim. No. 92-54-JAF-1, 93-102-CC-7)

## OPINION AND ORDER

Petitioner, Amador Irizarry-Sanabria ("Irizarry-Sanabria"), appearing pro se, brings this petition to nullify his conviction, styled as a writ for coram nobis. (Docket No. 1.) However, if a petition for coram nobis falls within the substantive scope of § 2255, then we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). In light of this re-characterization, we must dismiss Irizarry-Sanabria's petition as both time-barred and as a successive motion under Section 2255.

### I.

### Background

This petition involves two distinct cases: One before the undersigned and one before Judge Cerezo, both in the District of Puerto Rico.

The case before me began in 1992. Irizarry-Sanabria was convicted by a jury for "conspiracy to import approximately 3000 pounds of marijuana and for the possession of a firearm in relation to the commission of said narcotics offense, in violation of 21 U.S.C. §§ 952(a) and 963, and 18 U.S.C. § 924(c)(1), respectively." United States v. Andujar, 49 F.3d 16, 18 (1st Cir. 1996). I sentenced Irizarry-Sanabria to 120 months imprisonment for Count One and 60 months imprisonment for Count Two. (Crim. No. 92-054.) On March 6,

1995, the First Circuit affirmed the convictions. U.S. v. Andujar, 49 F.3d 16 (1st Cir. 1995). On May 9, 1995, Irizarry-Sanabria filed a petition to vacate this sentence under 28 U.S.C. 2255 in Crim. No. 92-54, alleging that his sentence was mistakenly enhanced because he was incorrectly deemed to have used or carried a firearm in relation to the drug trafficking crime. (Civ. No. 95-1579.)  On February 15, 1996, I granted Irizarry-Sanabria's motion and resentenced him to 121 months of imprisonment followed by a five-year term of supervised release. (Civ. No. 95-1579; see also Crim. No. 93-102, Docket No. 474.)  Irizarry-Sanabria requested a certificate of appealability from the First Circuit. Irizarry-Sanabria v. U.S., 101 F.3d 106 (1st Cir. 1996.)  On November 18, 1996, the First Circuit granted his request but affirmed the judgment, stating that any error in failing to hold a sentencing hearing was harmless, and affirming the rejection of the two other grounds for habeas relief. Id.

In a separate prosecution before Judge Cerezo in 1993, Irizarry-Sanabria was charged with violating 21 U.S.C. §§ 952 and 963.  (Crim. No. 93-102.)  He moved for dismissal, claiming that he had already been tried and sentenced on the same charges before the undersigned in Crim. No. 92-54-JAF, in violation of the Fifth Amendment right against double jeopardy.  (Crim. No. 93-102, Docket No. 137.)  Judge Cerezo denied this motion. (Crim. No. 93-102, Docket No. 199.)  On October 21, 1993, Irizarry-Sanabria pled guilty to Count One of the indictment.  (Crim. No. 93-102, Docket No. 229.)  Before sentencing, he unsuccessfully moved for reconsideration, again including double jeopardy violations among his claims. (Crim. No. 93-102, Docket No. 327.)  Irizarry-Sanabria filed a notice of appeal to the First Circuit on December 8, 1994.  (Crim. No. 93-102, Docket No. 359.)  On August 22, 1996, the First Circuit affirmed his conviction after reviewing numerous claims, including those of double jeopardy violations. U.S. v. Irizarry-Sanabria, 94 F.3d 640 (1st Cir. 1996.)

On November 18, 1996, Irizarry-Sanabria's petition for writ of certiorari was denied. Irizarry-Sanabria v. U.S., 519 U.S. 1000 (1996). Judge Cerezo sentenced Irizarry-Sanabria to 120 months in prison and five years of supervised release, to be served concurrently with the sentence I imposed. (Crim. No. 93-102, Docket No. 474.) Irizarry-Sanabria filed a petition under 28 U.S.C. § 2255 on January 15, 1997. (Crim. No. 93-102, Docket No. 419.) On August 12, 1999, Judge Cerezo denied Irizarry-Sanabria's petition for habeas relief. (Crim. No. 93-102, Docket No. 425.)

Irizarry-Sanabria completed his prison sentence and began supervised release on November 8, 2002. (Crim. 93-102, Docket No. 474.) On March 20, 2003, Irizarry-Sanabria pled guilty to violating a condition of his supervised release, namely the condition that he not commit another crime. His most recent crime was again related to drugs and the accompanying conspiracy: A violation of 21 U.S.C. 841(a)(1) and 846 in the Middle District of Florida. For this violation, I revoked Irizarry-Sanabria's supervised release and sentenced him to twenty-four months imprisonment. (Crim. No. 92-54, Docket No. 177.) Judge Cerezo also revoked Irizarry-Sanabria's supervised release and sentenced him to twenty-seven months imprisonment, to run concurrently with both my sentence and the sentence imposed by the Middle District of Florida. (Crim. No. 93-102, Docket No. 477.)

On October 10, 2012, Irizarry-Sanabria filed a motion before me to nullify his second conviction – the conviction before Judge Cerezo -- under a writ of coram nobis. (Civ. 12-1855, Docket No. 1.) Irizarry-Sanabria argues that his second conviction, Crim. No. 93-102, is null and void because it was obtained in violation of the Speedy Trial Act, 18 U.S.C. § 3161, and once again argues that it violates double jeopardy because it was part of the same conspiracy tried before me a year earlier, in Crim. No. 92-54-JAF. (Docket No. 1.) On

October 1, 2013, we ordered the government to file a response to Irizarry-Sanabria's motion, addressing the claims that his conviction violated the Speedy Trial Act and the Double Jeopardy clause. (Docket No. 8.) On October 21, 2013, the government filed a response which argued only that Irizarry-Sanabria had waived his right of dismissal under the Speedy Trial Act and that he did not satisfy the requirements to file a writ of coram nobis. (Docket No. 10.)

### III.

### Jurisdiction

If a petition for coram nobis falls within the substantive scope of § 2255, then we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). Therefore, we deem Irizarry-Sanabria's motion to be a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Irizarry-Sanabria is currently in federal custody having been sentenced by this district court, as required by 28 U.S.C. § 2255. We note that Irizarry-Sanabria is challenging Judge Cerezo's sentence, not ours. To file a timely motion, Irizarry-Sanabria had one year from the date that Judge Cerezo's judgment became final. 28 U.S.C. § 2255(f). He is challenging his conviction in Judge Cerezo's court, and that judgment became final when certiorari was denied on November 18, 1996. Irizarry-Sanabria, 519 U.S. 1000 (1996). He filed the instant petition on October 10, 2012, far more than a year after his judgment became final. Therefore, the petition is time-barred and we do not have jurisdiction to hear the case.

Furthermore, before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C.

§ 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals regarding that case. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Irizarry-Sanabria submitted his first motion for habeas relief from this conviction and sentence on January 15, 1997, and Judge Cerezo dismissed that motion on August 12, 1999. (Crim. No. 93-102, Docket Nos. 419, 425.) Irizarry-Sanabria has not obtained certification from the First Circuit to file a successive petition and, therefore, the district court lacks jurisdiction.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Irizarry-Sanabria has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Irizarry-Sanabria may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Irizarry-Sanabria's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Irizarry-Sanabria is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of February, 2014.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE