UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AMADOR IRIZARRY-SANABRIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 12-1855 (JAF)

(Crim. No. 92-54-JAF-1, 93-102-CC-7)

## **OPINION AND ORDER**

Petitioner, Amador Irizarry-Sanabria ("Irizarry-Sanabria"), appearing pro se, brings this petition to nullify his conviction, styled as a writ for coram nobis. (Docket No. 1.) However, if a petition for coram nobis falls within the substantive scope of § 2255, then we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). In light of this re-characterization, we must dismiss Irizarry-Sanabria's petition as both time-barred and as a successive motion under Section 2255.

**I.**

**Background**

This petition involves two distinct cases: One before the undersigned and one before Judge Cerezo, both in the District of Puerto Rico.

The case before me began in 1992. Irizarry-Sanabria was convicted by a jury for "conspiracy to import approximately 3000 pounds of marijuana and for the possession of a firearm in relation to the commission of said narcotics offense, in violation of 21 U.S.C. §§ 952(a) and 963, and 18 U.S.C. § 924(c)(1), respectively." United States v. Andujar, 49 F.3d 16, 18 (1st Cir. 1996). I sentenced Irizarry-Sanabria to 120 months imprisonment for Count One and 60 months imprisonment for Count Two. (Crim. No. 92-054.) On March 6,

1   1995, the First Circuit affirmed the convictions. U.S. v. Andujar, 49 F.3d 16 (1st Cir. 1995).

2   On May 9, 1995, Irizarry-Sanabria filed a petition to vacate this sentence under 28 U.S.C.

3   2255 in Crim. No. 92-54, alleging that his sentence was mistakenly enhanced because he was

4   incorrectly deemed to have used or carried a firearm in relation to the drug trafficking crime.

5   (Civ. No. 95-1579.)   On February 15, 1996, I granted Irizarry-Sanabria's motion and

6   resentenced him to 121 months of imprisonment followed by a five-year term of supervised

7   release. (Civ. No. 95-1579; see also Crim. No. 93-102, Docket No. 474.) Irizarry-Sanabria

8   requested a certificate of appealability from the First Circuit.   Irizarry-Sanabria v. U.S., 101

9   F.3d 106 (1st Cir. 1996.)   On November 18, 1996, the First Circuit granted his request but

10  affirmed the judgment, stating that any error in failing to hold a sentencing hearing was

11  harmless, and affirming the rejection of the two other grounds for habeas relief. Id.

12      In a separate prosecution before Judge Cerezo in 1993, Irizarry-Sanabria was charged

13  with violating 21 U.S.C. §§ 952 and 963.  (Crim. No. 93-102.)  He moved for dismissal,

14  claiming that he had already been tried and sentenced on the same charges before the

15  undersigned in Crim. No. 92-54-JAF, in violation of the Fifth Amendment right against

16  double jeopardy.  (Crim. No. 93-102, Docket No. 137.)  Judge Cerezo denied this motion.

17  (Crim. No. 93-102, Docket No. 199.)  On October 21, 1993, Irizarry-Sanabria pled guilty to

18  Count One of the indictment.  (Crim. No. 93-102, Docket No. 229.)  Before sentencing, he

19  unsuccessfully moved for reconsideration, again including double jeopardy violations among

20  his claims. (Crim. No. 93-102, Docket No. 327.)  Irizarry-Sanabria filed a notice of appeal to

21  the First Circuit on December 8, 1994.  (Crim. No. 93-102, Docket No. 359.)  On August 22,

22  1996, the First Circuit affirmed his conviction after reviewing numerous claims, including

23  those of double jeopardy violations.  U.S. v. Irizarry-Sanabria, 94 F.3d 640 (1st Cir. 1996.)

On November 18, 1996, Irizarry-Sanabria's petition for writ of certiorari was denied. <u>Irizarry-Sanabria v. U.S.</u>, 519 U.S. 1000 (1996). Judge Cerezo sentenced Irizarry-Sanabria to 120 months in prison and five years of supervised release, to be served concurrently with the sentence I imposed. (Crim. No. 93-102, Docket No. 474.) Irizarry-Sanabria filed a petition under 28 U.S.C. § 2255 on January 15, 1997. (Crim. No. 93-102, Docket No. 419.) On August 12, 1999, Judge Cerezo denied Irizarry-Sanabria's petition for habeas relief. (Crim. No. 93-102, Docket No. 425.)

Irizarry-Sanabria completed his prison sentence and began supervised release on November 8, 2002. (Crim. 93-102, Docket No. 474.) On March 20, 2003, Irizarry-Sanabria pled guilty to violating a condition of his supervised release, namely the condition that he not commit another crime. His most recent crime was again related to drugs and the accompanying conspiracy: A violation of 21 U.S.C. 841(a)(1) and 846 in the Middle District of Florida. For this violation, I revoked Irizarry-Sanabria's supervised release and sentenced him to twenty-four months imprisonment. (Crim. No. 92-54, Docket No. 177.) Judge Cerezo also revoked Irizarry-Sanabria's supervised release and sentenced him to twenty-seven months imprisonment, to run concurrently with both my sentence and the sentence imposed by the Middle District of Florida. (Crim. No. 93-102, Docket No. 477.)

On October 10, 2012, Irizarry-Sanabria filed a motion before me to nullify his second conviction – the conviction before Judge Cerezo -- under a writ of coram nobis. (Civ. 12-1855, Docket No. 1.) Irizarry-Sanabria argues that his second conviction, Crim. No. 93-102, is null and void because it was obtained in violation of the Speedy Trial Act, 18 U.S.C. § 3161, and once again argues that it violates double jeopardy because it was part of the same conspiracy tried before me a year earlier, in Crim. No. 92-54-JAF. (Docket No. 1.) On

October 1, 2013, we ordered the government to file a response to Irizarry-Sanabria's motion, addressing the claims that his conviction violated the Speedy Trial Act and the Double Jeopardy clause. (Docket No. 8.) On October 21, 2013, the government filed a response which argued only that Irizarry-Sanabria had waived his right of dismissal under the Speedy Trial Act and that he did not satisfy the requirements to file a writ of coram nobis. (Docket No. 10.)

### III.

### Jurisdiction

If a petition for coram nobis falls within the substantive scope of § 2255, then we must re-characterize it as a § 2255 petition. Trenkler v. United States, 536 F.3d 85, 97 (2008). Therefore, we deem Irizarry-Sanabria's motion to be a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Irizarry-Sanabria is currently in federal custody having been sentenced by this district court, as required by 28 U.S.C. § 2255. We note that Irizarry-Sanabria is challenging Judge Cerezo's sentence, not ours. To file a timely motion, Irizarry-Sanabria had one year from the date that Judge Cerezo's judgment became final. 28 U.S.C. § 2255(f). He is challenging his conviction in Judge Cerezo's court, and that judgment became final when certiorari was denied on November 18, 1996. Irizarry-Sanabria, 519 U.S. 1000 (1996). He filed the instant petition on October 10, 2012, far more than a year after his judgment became final. Therefore, the petition is time-barred and we do not have jurisdiction to hear the case.

Furthermore, before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C.

§ 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals regarding that case. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). Irizarry-Sanabria submitted his first motion for habeas relief from this conviction and sentence on January 15, 1997, and Judge Cerezo dismissed that motion on August 12, 1999. (Crim. No. 93-102, Docket Nos. 419, 425.) Irizarry-Sanabria has not obtained certification from the First Circuit to file a successive petition and, therefore, the district court lacks jurisdiction.

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Irizarry-Sanabria has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Irizarry-Sanabria may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Irizarry-Sanabria's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Irizarry-Sanabria is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of February, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE